UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR A ZARATE, | 1:10-cv-00719-JLT HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| WARDEN, CSATF/SP, | |
| Respondent. | ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 3, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

**PROCEDURAL HISTORY**

Petitioner is in custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an determinate sentence of six years pursuant to a judgment of the Superior Court of California, County of Kings (the "Superior Court"). Petitioner was convicted by jury trial of one count of assault by force likely to produce great bodily injury. (Cal. Pen. Code § 245(a)(1)). (Doc. 13, Lodged Documents ("LD") 4, p. 2). The jury also found true the enhancement allegation that Petitioner personally inflicted great bodily injury on the victim within the meaning of Cal. Pen. 12022.7(a). (Id.). On the substantive charge, Petitioner was sentenced to the mid-term of three years plus a consecutive three-year term for the enhancement, resulting in a total determinate sentence of

six years. (LD 4).

Petitioner appealed to the California Court of Appeals, Fifth Appellate District (the "5th DCA"),which affirmed the judgment in an unpublished decision on February 17, 2009. (LD 4). Petitioner filed a petition for review in the California Supreme Court, which was denied on May 13, 2009. (Ld 5; 6).

On April 16, 2010, Petitioner filed the instant petition, raising a single ground for relief, i.e., that the trial court erred in sentencing Petitioner to two consecutive three-year terms for what, Petitioner maintains, is essentially the same criminal act. On July 2, 2010, Respondent filed an Answer. (Doc. 12). On July 20, 2010, Petitioner filed his Traverse. (Doc. 15).

In addition to denying the merits of Petitioner's claim, Respondent also contends that the claim has not been exhausted and therefore that the petition should be dismissed as well as denied. (Doc. 12, p. 2).

## FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the 5th DCA's unpublished decision:

Prosecution Case

On July 13, 2007, Daniel Solis went to the house of a friend, Javier Campos, in Avenal, California. When Solis arrived, Campos, appellant and another man, Daniel Navarrete, were present inside the house. The four drank beer and engaged in conversation which eventually turned to taunting insults. Appellate made derogatory comments about Solis's brother-in-law, Gonzalo Murgia. Appellant then threw a can of beer at Solis that narrowly missed his head. Solis stood and demanded that appellant apologize for throwing the beer. Appellant stood and punched Solis in the left eye, knocking Solis to the ground. Appellant got on top of Solis and continued to hit Solis in the face and torso 15 to 20 times, while Solis tried his best to cover his head to protect himself. Due to the beating, Solis's eye filled up with blood and he could not see clearly, but it appeared that appellant had put on rings or brass knuckles at some point in the attack. Eventually Campos grabbed hold of appellant and pulled him off of Solis.

Solis went home and fell to the floor, bleeding profusely from his nose and ears. An ambulance was called and he was taken to the hospital. As a result of the beating, he suffered a swollen left eye, a swollen neck, red marks on his back, a wound on his nose that required stitches, a broken nose, and several scrapes on his arms and chest. While at the hospital, Solis told a police officer that he believed the assault was gang related.

On July 15, 2007, Kings County Sheriff's Deputy Taylor Lopes, who is part of the gang unit, went to appellant's home. A search of appellant's room uncovered a pair of jeans with dried blood stains. Deputy Lopes also found a poem written about the Surenos street gang and two blue t-shirts bearing the letters "L.A.," indicating possible Surenos gang affiliation. Appellant admitted that he attacked Solis and that the blood on his jeans was Solis's blood. Appellant told the deputy that he was provoked by Solis, who was being insulting and was

"in his face."

Defense Case

Campos testified that before appellant attacked Solis, Solis's hands were in appellant's face and Solis was yelling at him that he (appellant) was "no good" or was "nothing." Campos said appellant then hit Solis two or three times in the face. He added that Solis never hit appellant. Campos could not recall much more detail, as he was drunk when the assault occurred.

Navarrete testified that the fight was mutual, since both were throwing punches, but appellant won the fight.

Appellant took the stand and testified that when he got to Campos's house, he (appellant) was already intoxicated. Appellant said he consumed three or four more beers at the party before the fight started. He said that Solis was "in my face" and "talking trash." Appellant testified he then punched Solis in the face and Solis fell to the ground. Appellant hit Solis in the head a few more times and kicked him. Appellant admitted that he hit Solis first, but said Solis hit back a few times while on the ground.

(LD 4, pp. 2-4).

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over this action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), cert. denied, 520 U.S. 1107 (1997), overruled on other grounds by, Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment). The instant proceedings were initiated by the filing of the original petition on April 16, 2010, after the enactment of the AEDPA, and thus this case is governed by the AEDPA.

///

## II. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams v. Taylor, 529 U.S. at 412-413.

The first prong of federal habeas review involves the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1). This prong pertains to questions of law and mixed questions of law and fact. Williams v. Taylor, 529 U.S. at 407-410; Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2004). A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams v. Taylor, 529 U.S. at 405. A state court decision involves an "unreasonable application" of clearly established federal law "if the state court applies [the Supreme Court's precedents] to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. at 141; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

Consequently, a federal court may not grant habeas relief simply because the state court's decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 511 (2003) (citing Williams v. Taylor, 529 U.S. at 409). Section 2254(d)(1)'s reference to "clearly established Federal law" refers to "the governing legal principle or principles set forth by [the Supreme Court] at the time a state court renders its decision." Lockyer v. Andrade, 538 U.S. at 64; Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005).

The second prong of federal habeas review involves the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2). This prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d at 637, citing Miller-El v. Cockrell, 537 U.S. 322 (2003). Under

§ 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. at 520; Jeffries v. Wood, 114 F.3d at 1500 (when reviewing a state court's factual determinations, a "responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment"). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Id. ; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert.denied, Maddox v. Taylor, 543 U.S. 1038 (2004).

The AEDPA also requires that considerable deference be given to a state court's factual findings. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. at 340. Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-077 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court conducts "an independent review of the record...to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2002); see Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). Where the state court denied the petitioner's claims on procedural grounds or did not decide such claims on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's 's claims de novo. Pirtle v. Morgan, 313 F.3d at 1167.

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007)(holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by the AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918 n. 7 (9th Cir. 2002); Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009).

**III. Review of Petitioner's Claims.**

**Ground One   Petitioner's sentence to two consecutive three-year terms for the substantive offense and the enhancement was illegal because both involved the same criminal act.**

Petitioner first contends that his six-year sentence was illegal because the consecutive three-year enhancement involved the same conduct as the three-year sentence for the substantive crime. Respondent contends that the claim is unexhausted and should therefore be dismissed. Respondent also contends that the claim fails to state a cognizable federal habeas claim since it only involves issues of state law. Because the Court finds that the claim is unexhausted, it does not reach the second argument.

A. Failure to Exhaust Claims.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1   full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
2   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
3   F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
4   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
5   claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
6   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7   Additionally, the petitioner must have specifically told the state court that he was raising a
8   federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
9   (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.
10  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States
11  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

17  Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

26  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

27  Respondent has lodged documents with the Court that establish that in state court, Petitioner
28  framed his argument solely as a question of state law, not as a question of federal law. In his

Opening Brief in the 5th DCA, Petitioner argued that the great bodily injury enhancement must be stayed pursuant to Cal. Pen. Code § 654, which provides, in pertinent part, as follows:

> An act or omission that is punishable in different ways to different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall that act or omission be punished under more than one provision.

(LD 1, p. 20). This state statute precludes double punishment for the same crime, which is, in essence, what Petitioner argues is a direct consequence of imposing both a three-year term for the underlying assault and a three-year consecutive term for the enhancement. Nowhere in Petitioner's six-page legal argument does he cite a federal case or refer to federal law. Not surprisingly, the 5th DCA premised its entire analysis of Petitioner's argument on appeal on its interpretation of state law. (LD 4). Petitioner's petition for review contained two related arguments, i.e., that § 654 was applicable to conduct enhancements, such as the one in Petitioner's case, and that § 654 bars an enhanced sentence for great bodily injury where the defendant is sentenced on the assault on which the enhancement is based. (LD 5). Again, Petitioner cites only state law in making those arguments. (Id.). The California Supreme Court issued a summary denial which contained no citations to authority. (LD 6). By contrast, the sole ground in the instant petition argues that Petitioner's sentence subjected him to "multiple punishment for the same criminal act" in violation of his "5th, 6th, 8th, and 14th amendment federal constitutional rights." (Doc. 1, p. 5).

From the foregoing, the Court concludes that Petitioner has not previously presented the sole claim in the instant petition to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28

U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

///

///

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 28, 2011**                             **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE